UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| YAO XU, A#: 072 168 150,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL CHERTOFF, Secretary, Department of Homeland Security; RUTH DOROCHOFF, Director, Chicago Office, U.S. Citizenship and Immigration Services; GERARD HEINAUER, Director, Nebraska Service Center, U.S. Citizenship and Immigration Services; EMILIO GONZALES, Acting Director, U.S. Citizenship and Immigration Services; ROBERT MUELLER, Director, Federal Bureau of Investigation; PETER KEISLER, Acting Attorney General of the United States,<br><br>Defendants. | Civil Action No.<br><br>PH  **07 C 7114**<br><br>**FILED**<br>**DECEMBER 18, 2007**<br>MICHAEL W. DOBBINS<br>CLERK, U.S. DISTRICT COURT<br><br>**JUDGE SHADUR**<br>**MAGISTRATE JUDGE DENLOW** |

## PETITION FOR WRIT OF MANDAMUS

Plaintiff, Yao Xu, by and through her attorneys, and for her Petition for Writ of Mandamus, alleges as follows:

### INTRODUCTION

1. This petition is brought to compel Defendants and those acting under them to take action on Plaintiff's Form N-400, Application for Naturalization, (hereafter "the Application") in order for Plaintiff to become a Naturalized Citizen of the United States. Plaintiff filed the Application with the former Immigration and Naturalization Service's ("INS") Lincoln, Nebraska Office on or about July 6, 2005. On December 15, 2005, Plaintiff appeared and was interviewed for her Application in the former INS's Chicago Field Office, and successfully passed the English language, history and government tests. However, to this day, over *two years*

after her interview, Plaintiff still awaits the completion of her background check and the ultimate decision of the U.S. Citizenship and Immigration Services ("USCIS"). Certainly more than 120 days have passed since the interview in this matter, thus vesting jurisdiction with this court under 8 U.S.C. § 1447.

## JURISDICTION AND VENUE

2.   The Court has jurisdiction over this civil action, which is brought pursuant to 8 U.S.C. § 1447, 28 U.S.C. §§ 1331 and 1361, 5 U.S.C. § 701, and 28 U.S.C. § 2201 *et. seq.* to redress the deprivation of rights, privileges and immunities secured to Plaintiff, and to compel Defendants to perform a duty Defendants owe to Plaintiff. Jurisdiction is also conferred by 5 U.S.C. § 704. This Court is empowered to preside over and adjudicate this matter. U.S. Const. Art. III.

3.   Venue is proper under 28 U.S.C. § 1391(e) because the Plaintiff resides in this district and no real property is involved in this action.

## FACTUAL BACKGROUND

4.   Plaintiff was born in, and is a native and citizen of, the People's Republic of China.

5.   Plaintiff's Permanent Resident Status in the United States was granted on August 3, 2000. *See* Ex. 1, copy of Plaintiff's Resident Alien Card. Plaintiff became statutorily eligible to file a Form N-400, Application for Naturalization on May 3, 2005, four years and nine months after the grant of Permanent Resident Status.

6. Plaintiff filed the Application with the former INS's Lincoln, Nebraska Office, on or about July 6, 2005. Plaintiff's Application was processed and reviewed by the former INS's Chicago, Illinois Field Office. *See* Exhibit 2.

7. Plaintiff was interviewed in the Chicago, Illinois Field Office on December 15, 2005, and successfully passed the English language and civics examinations. However, despite Plaintiff's successful interview and passage of the language and civics tests, Plaintiff's Application remains pending, allegedly due to an on-going background investigation.

8. Plaintiff and her counsel have made numerous inquiries to USCIS regarding the status of Plaintiff's Application. In response, USCIS has not provided a clear reason for the delay, other than informing Plaintiff that the processing of her case has been delayed because the required investigation into her background remains open.

9. In addition, Plaintiff, a resident of Chicago, Illinois, has sought the assistance of United States Senator Barack Obama of Illinois. On January 29, 2007, Senator Obama sent a letter to the FBI on Plaintiff's behalf concerning the status of Plaintiff's Application. Unfortunately, despite Senator Obama's intervention, the FBI offered only the vague response that Plaintiff's name check was "currently in process." *See* March 12, 2007 letter to Senator Obama from the FBI, attached hereto as part of Group Ex. 3.

10. Recently, on November 21, 2007, counsel for Plaintiff sent a letter to Don Ferguson, the then Acting Director of USCIS's Chicago District Office, indicating that Plaintiff intended to file this Petition for Writ of Mandamus unless USCIS responded to the letter by December 4, 2007. *See* November 21, 2007 letter to USCIS, attached hereto as part of Group Ex. 3. USCIS did not respond to the letter in any manner.

11. To this day, over two years after the interview, Plaintiff still awaits the decision of USCIS. The unreasonable and unjustified delay in processing Plaintiff's Application has caused, and continues to cause, personal hardship for Plaintiff.

12. For example, while patiently awaiting adjudication of her Application, Plaintiff's family life has suffered. While the Application has been pending, Plaintiff's then husband was transferred to Taiwan for business. Since Plaintiff's Application had not been processed, she could not simultaneously retain her United States residency and join her husband in, or travel frequently to, Taiwan. Ultimately, the strain caused by Plaintiff's uncertain citizenship status led to the dissolution of Plaintiff's marriage by divorce.

13. Additionally, Plaintiff has diligently paid her required U.S. taxes, and greatly desires the benefits and rights granted to all United States citizens under the Constitution, including, the right to vote. Despite her financial contributions to this country, Plaintiff still lacks the right to vote, and greatly desires the opportunity to exercise this right.

## CLAIMS

14. Plaintiff is eligible to have the Application adjudicated.

15. Defendants, the Department of Homeland Security, the Federal Bureau of Investigations, and the U.S. Citizenship and Immigration Services, are charged by law with the statutory obligation to adjudicate Plaintiff's Application.

16. Defendants have willfully and unreasonably delayed in and have refused to adjudicate Plaintiff's Application, thereby depriving Plaintiff of the benefits of becoming a naturalized U.S. Citizen.

17. Defendants owe Plaintiff a duty to adjudicate the Petition and have unreasonably failed to perform that duty. This unreasonable delay has detrimentally impacted Plaintiff's livelihood and has impaired her ability to make important decisions in her personal and professional life. This unjustified delay has also deprived her of the right to full citizenship and the peace of mind to which she is entitled.

18. Plaintiff has exhausted any and all administrative remedies that may exist.

WHEREFORE, Plaintiff prays that the Court:

1. Assume jurisdiction over the case and naturalize the Plaintiff under the terms of 8 U.S.C 1447(b); or

2. Compel Defendants and those acting under them to perform their duty to adjudicate the petition, including, but not limited to, compelling USCIS to adjudicate the Application within 60 days and compelling the FBI to issue results of Plaintiff's criminal background and/or name check to USCIS and this Court within 60 days;

3. Grant Attorney's fees and costs of Court to Plaintiff under the Equal Access to Justice Act; and

4. Grant such other and further relief as this Court deems proper under the circumstances.

Respectfully submitted this 17th day of December, 2007.

YAO XU

By:/s/ Mark A. Partin
    One of Her Attorneys

Mark A. Partin
VEDDER PRICE, P.C.
222 North LaSalle Street, Suite 2600
Chicago, IL  60601-1003
Phone: (312) 609-7500
Fax: (312) 609-5005
mpartin@vedderprice.com

CHICAGO/#1725428.1